**STATE of Tennessee, Appellee,**

v.

**Charles FREEMAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 19, 1985.

Application for Permission to Appeal Denied by Supreme Court Aug. 12, 1985.

Larry S. Weddington, Bristol, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Stanley Kweller, Asst. Dist. Atty. Gen., Blountville, for appellee.

OPINION

DWYER, Judge.

From his conviction of robbery, T.C.A. § 39–2–501(a), and 15 year sentence, appellant presents two issues on appeal: sufficiency of the evidence and prosecutorial misconduct.

On December 23, 1983, at 5:10 p.m., the victim, Ricky Dale Goodson, was accosted by appellant in front of the post office in Bristol. Appellant told Goodson, "If you give me your jacket no one will get hurt," and, "If you don't give me your jacket, I'm going to kick your a—." Goodson testified that he was scared when he relinquished

his jacket. Appellant then noticed a chain securing Goodson's wallet to his belt, broke the chain, and took the wallet, which contained $28. A Virginia State trooper, driving into the post office parking area, saw the entire event and reported it to the Bristol Police Department. When arrested, appellant had Goodson's wallet on his person. Appellant offered no proof.

The argument is made that the taking of the jacket and the snatching of the wallet from Goodson is no more than larceny from the person; hence, the evidence is insufficient to support the conviction of robbery. With this, we do not agree.

■ To make out robbery under the statute, the State must prove two elements. *See* T.C.A. § 39–2–501(a). The State must prove a taking and that the taking was by violence or by putting the victim in fear. *See Sloan v. State,* 491 S.W.2d 858 (Tenn. Crim.App.1973).

■ The proven facts here, while not showing violence, clearly showed that Goodson parted with his goods under the intimidation that if he did not, violence would follow. In simple terms, the jury could and did infer from the facts that Goodson was put in fear by appellant's words and actions.

The fact that the victim calmly walked away and reported the incident to his mother, who, in turn, alerted the police, was a circumstance for the jury. Why the Virginia trooper did not intercede was another fact for the jury. The evidence clearly squares with the requirements of T.R.A.P. 13(e). This issue is overruled.

■ The State's attorney argued to the jury:

> Don't be misled by the lawyer's argument when it differs from the proof that you heard from the witness stand because that is what you were sworn to try this case on, the proof.

From our review, we conclude that the argument does not in any manner impute dishonesty to appellant's counsel. It simply informs the jury that their duty was to determine the verdict from the proof devel-

oped and not from argument of counsel. This issue overruled, the judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.